Nash, J.
 

 The prisoner was indicted for stealing a negro woman named Harriet, the property of one Allen Bost. The indictment contains three counts. It is unnecessary to advert farther to the 2nd and 3rd, as upon them, the prisoner was acquitted. The first count is as follows—
 

 
 *148
 
 STATE OF NORTH CAROLINA, ) Superior Court of Law, February Cauarrus County, ( Term, 1846.
 

 “ The Jurors for the State, uponjriieir oath present, that James Gallimore, late of said County, labourer, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on the tenth day of January, in the year of our Lord 1845, with force and arms, in the said County of Cabarrus a certain female slave, named Harriet, of the value of fifty shillings, and the property of Allen Bost of the said County of Cabarrus, feloniously did steal, take, and carry away, contrary to the Act of Assembly, in such case made and provided, and against the peace and dignity of the State.”
 

 Upon this count, the prisoner was convicted by the jury; and through his counsel, moved for a new trial
 
 “
 
 because the jury had found him guilty without sufficient testimony.” It is unnecessary here to state the testimony given on the trial. We have no authority, as the case appears before us, to look into it. The question raised by the motion has been repeatedly decided in this Court. The Supreme Court is a Court for the correction of errors in law, committed by the Court trying the cause, and not for the correction of those committed by the jury. If there is error here, it is of the latter kind, the only remedy for which rests in the sound discretion of the Judge, before whom the cause was tried, by granting a new trial. We cannot interfere, although in our opinion it might appear, that injustice had been done.
 
 Long
 
 v.
 
 Gantly,
 
 4 Dev. & Bat. 315.
 
 Goodman
 
 v.
 
 Smith,
 
 4 Bov. 459. The last case that came before this Court in which this question was raised, was that of
 
 Reed
 
 v.
 
 Moore,
 
 3 Ired. 813, in which the doctrine is laid down, with so much clearness and precision, that it is difficult to perceive how any mistake or misapprehension can still exist upon it. The language of the Court is — “ It has been repeatedly declared that this Court cannot correct the errors of the jury in finding a verdict, without or against evidence or against law, but must leave it to the Judge who tried the case.” To the same effect is the case of
 
 Terrell
 
 v.
 
 Wig
 
 
 *149
 

 gins,
 
 1 Ired. 173. For the reason assigned in the case,' it is not in the power of the Court to grant a
 
 venire de novo.
 
 But the counsel for the prisoner, not urging this point, claims a new trial, upon the ground, that it was the duty of the presiding Judge to have instructed the jury, that there was
 
 no evidence
 
 before them, that the felony complained of was perpetrated within the County of Cabarrus. Every appeal to this Court, from a trial at law, consists of the record of the case below, properly so called, and the statement accompanying it. This statement is, in the nature of a bill of exceptions, and is con-. sidered as containing the proceedings, excepted to in the Court below, by the party complaining of them. - It is our duty to examine the record of every case, and to pronounce such judgment on it, as the Court below ought to have pronounced. Beyond the statement sent here, the Court cannot look without manifest injustice to the appellee ; he would be surprised by objections taken here, for the first time. It has, therefore, long been the established law of this Court, that only those points, which were raised below, can be heard here, unless they appear upon the record. We cannot listen to objections arising out of the
 
 ore tenns
 
 incidents,- as they are termed, of the trial. Of them no Court can take notice, but that before which they occurred. Ever}' thing found by the jury or ruled by the Court, must be held by us, to be right, unless objected to at the trial.
 
 Hemphill
 
 v.
 
 Hemphill, 2
 
 Dev. 294.
 
 Atkinson
 
 v.
 
 Clark,
 
 3 Dev. 174. We conclude this part of the case then, in the language of the Court in the case of
 
 Reed
 
 v.
 
 Moore,
 
 3 Ired. 314. “We can do only with the errors of the Judge. It is true, it is erroneous to submit an enquiry of fact to the jury, to which there is no evidence in the case ; but as to that, we have to say in this case, that the prisoner took no exception at the trial nor on his motion for a new trial, and consequently, we cannot suppose the testimony to have been
 
 *150
 
 stated but with a view to the objections raised. The plaintiff’s motion for a new trial, was on the ground, that the verdict was against evidence and law, and not because the Court left a point to them without evidence.” And so here, the plaintiff moved for a new trial because the jury found the prisoner guilty without sufficient evidence, and not because a point was left to them without evidence. The latter was a question of law, to be decided by the Court; the former one of fact, for the exclusive consideration of the jury.
 

 The prisoner’s case has, in our opinion, in no maimer been prejudiced by the omission. We have looked carefully into the testimony, and think that there was evidence to go to the jury, and that the Court could not have told them there was not any. And the jury, after a most careful and clear charge from the presidiug Judge upon this point, returned their verdict of guilty against the prisoner. If in this they erred, it is an error, which could have been cured only by the granting of a new trial, which was within the peculiar discretion of the Court; with the exercise of which, as we have before said, we cannot interfere.
 

 The prisoner moved further, in arrest of judgment, and assigned as error, that the indictment did not set forth or charge, “ that the slave was in the possession of the owner, and that the prisoner took and carried her away from his possession.” The indictment in this particular conforms to the precedents to be found in the books. We have looked through Archbold, and find that the words, “ shall take and carry away,” are the operative words used by him. Nor do we any where find it stated to be necessary, that the indictment should charge that the property stolen was in the possession of the owner, or that the prisoner stole it from his possession. Possession in the owner, at the time of the larceny, is a part of the essence of the crime ; but it is a matter of evidence, and
 
 *151
 
 is not usually stated in the indictment, and is not necessary to its validity. The indictment, the
 
 State
 
 v.
 
 May,
 
 4 Dev. 328, charges the felony as in this case. That was for stealing a slave, and was very maturely considered; each of the Judges delivered an opinion, and although the exception was not taken, it is not likely it would have escaped their notice. And if the law had required that the possession, in so many words, should have been charged in the indictment, the judgment would have been arrested without a motion to that effect. The indictment in this case is an exact copy,
 
 mutatis mutandis,
 
 of that in the case. The
 
 State
 
 v.
 
 Jernigan,
 
 3 Mur. 12. The indictment charges the negro Harriet, to be the property of Bost, and in a legal sense, imports possession by him, and then charges a felonious asportation.
 

 After a careful examination of the case, we are unable to discover any good reason why there should be a
 
 venire facias de novo
 
 ; or why the judgment should be arrested.
 

 This opinion will be certified to the Superior Court.
 

 Per Curiam.- Ordered accordingly.